TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office
KRISTIN N. SPENCER (Cal Bar. No. 294692)
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorneys
        U.S. ATTORNEY'S OFFICE
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-3500
        Facsimile: (714) 338-3561
        E-mail:    kristin.spencer@usdoj.gov
                   melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 23-38-JVS |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL FILING REGARDING SENTENCING; DECLARATION OF SPECIAL AGENT JULIE SAWYER |
| v. | |
| JAMAL NATHAN DAWOOD, aka "Jimmy Dawood," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kristin Spencer and Melissa Rabbani, hereby files supplemental information relating to the upcoming sentencing hearing in this case.  In light

of this information, which demonstrates that defendant poses an ongoing risk of economic danger to the community, the government requests that a sentencing hearing be scheduled as soon as possible.[1]

In his reply in support of his motion for bond pending appeal, defendant argues that he does not pose a financial danger because the government has not made a "showing of ongoing financial predation while on release."  Dkt. 204 at 2-3.  But this argument ignores the fact that the Bail Reform Act explicitly "shifted the burden of proof from the government to the defendant."  United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).  The government has no obligation to make any showing that defendant poses an ongoing threat.  Rather, defendant must offer clear and convincing evidence that he poses no ongoing threat.  He has not met that burden.

Even more troublingly, as set forth in the attached declaration of Special Agent Julie Sawyer, the government recently learned that on January 30, 2026, defendant received a wire transfer of $403,382, consisting of proceeds from a life insurance policy for Charles Parcell, who passed away in November 2025 at age 86.  Prior to her passing, Mr. Parcell's wife, Anne Parcell, had shared concerns with the government that defendant had transferred ownership of properties belonging to her and her husband to LLCs that defendant controlled. Defendant also has received a number of smaller transfers consisting

---

[1] Defense counsel Victor Sherman has represented to the Court and the government that he is unavailable for the entire month of April due to a trial in People v. Thomas, Case Number SWF2200360, in the Superior Court for the County of Riverside. Government counsel has communicated with the Deputy District Attorney responsible for prosecuting that case, Nicole Cooper, who indicated that the trial is scheduled to begin no later than April 6, 2026.  DDA Cooper estimates that the trial will last, at most, one week.  Accordingly, the government understands that Mr. Sherman will be available for sentencing in this case beginning on April 13, 2026.

of the contents of Mr. Parcell's bank accounts.

The government understands that defendant has not reported any of these transfers or assets to the United States Probation and Pretrial Services Office.[2]

The government is also aware of another individual who has reported predatory financial practices by defendant.  As set forth in the attached declaration, Annie Yeo, age 79, reported that defendant has extended multiple predatory loans secured by properties she owns. Ms. Yeo also reported recently that defendant has threatened her and her adult son with eviction from their personal residence.

The government believes these facts are relevant to at least three issues: (i) the amount of fine ordered; (ii) the terms of restitution; and (iii) defendant's request for bond pending appeal.

In its initial sentencing position, the government recommended a fine of $50,000, towards the low end of the Guidelines range of $35,000 to $350,000 under U.S.S.G. § 5E1.2(c)(3).  The government also adopted the Probation Office's recommendation that, in ordering restitution of approximately $2.2 million, the Court order an initial payment of $70,000 to be made within six months of the date of sentencing.

In light of this additional information, the government respectfully recommends that the Court impose a larger fine of $100,000, and with respect to restitution, order a larger initial payment of $350,000 to be made within three months of sentencing.

Finally, this information suggests that defendant is (i)

---

[2] Moreover, defendant apparently reported to the Probation Office that the value of each of his various LLCs and businesses was "$0" because the entities were all in "active civil litigation."  See Dkt. 206 at 25.

3

continuing to engage in financial predation of elderly victims and (ii) actively hiding assets from the Probation Office and this Court. Defendant cannot meet his burden to show that he is not likely to flee or pose a danger to the safety of the community if he remains on bond, and his motion for bond pending appeal should be denied.

Dated: April 3, 2026                    Respectfully submitted,

                                        /s/ *Melissa S. Rabbani*
                                        KRISTIN N. SPENCER
                                        MELISSA S. RABBANI
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

4