VICTOR SHERMAN (SBN: 38483)
LAW OFFICES OF VICTOR SHERMAN
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Telephone: (424) 371-5930
Facsimile:  (310) 392-9029
Email: victor@victorsherman.law

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-cr-00038-JVS |
| Plaintiff, | |
| v. | Reply to the government's supplemental sentencing filing |
| JAMAL NATHAN DAWOOD, | |
| Defendant. | |

## ARGUMENT IN REPLY

The government's supplemental filing rests on a misreading of the very evidence it cites.  The Court, therefore, should decline to consider the allegations or hold an evidentiary hearing, affording Mr. Dawood the right to confront his accusers.

The government interviewed Charles Parcell and his wife, Anne Parcell, years ago, in May 2023.  According to discovery, Mr. Parcell confirmed that he and Mr. Dawood "were creating a family trust together."  Discovery further confirms that Mr. Parcell was aware of the financial transactions with

1

Mr. Dawood. As he specifically stated, "Jimmy told me all of that." While Mr. Parcell may or may not have shared all this information with his wife, that is a marital issue, not one that suggests any wrongdoing by Mr. Dawood.

The government further claims it "recently learned that on January 30, 2026, defendant received a wire transfer of $403,382, consisting of proceeds from a life insurance policy for Charles Parcell, who passed away in November 2025 at age 86." ECF No. 211 at 2. That too is entirely inaccurate. As the declaration from Special Agent Sawyer explains, Mr. Parcell's life insurance proceeds did *not* go to Mr. Dawood. They went to an account "that belonged to Charles and Ann Parcell." ECF No. 211-1 at 1. In other words, Mr. Parcell's life insurance proceeds went to the account he held with his wife.

As SA Sawyer's declaration further explained, Mr. Dawood is a "trustee" of that account, but not a beneficiary. ECF No. 211-1 at 1. This accords with what Mr. Parcell told the FBI in 2023; he and Mr. Dawood were creating a trust together. There is nothing nefarious in that.

On the contrary, it is common knowledge that a trustee has fiduciary obligations and cannot simply convert trust funds for personal use. Nor does the government offer any evidence that Mr. Dawood has done so. Instead, it has drawn an unsupported inference of wrongdoing from facts that are fully consistent with a legitimate trust arrangement that Mr. Parcell himself

described to the FBI.

The government's reliance on Annie Yeo fares no better. She, too, was interviewed by the FBI *before* trial, in January 2025. The government does not even allege that Mr. Dawood has had contact with her since then. And Mr. Dawood denies any impropriety. To this end, the government has proffered no evidence of any criminality. If it had such evidence, it could have called Ms. Yeo as a witness at trial. Having chosen not to, the government cannot now use her unexamined account to drive a harsher sentencing outcome.

Given these facts, Mr. Dawood respectfully requests that the Court reject the allegations in the government's supplemental sentencing documents. Indeed, a sentencing court "violates a defendant's due process rights by relying upon materially false or unreliable information at sentencing. Such reliance on materially false or unreliable information constitutes an abuse of sentencing discretion as well." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995) (citation omitted); *see also United States v. Alvarado Martinez*, 556 F.3d 732, 734-35 (9th Cir. 2009) ("due process requires that a defendant be sentenced on the basis of accurate information"). Equally important, it is error for the "trial court [to] infer[] that [the defendant] was a participant in a crime with which he was not

charged." *United States v. Safirstein*, 827 F.2d 1380, 1386 (9th Cir. 1987). Yet that is precisely what the government is asking this Court to do.

In short, the government's supplemental filing misstates the facts and misunderstands the law. It changes neither the sentencing nor the bail analysis.

Dated: April 8, 2026                    Respectfully submitted,

                                        */s/ Victor Sherman*
                                        */s/ Mark Werksman*
                                        */s/ Devin Burstein*
                                        Attorneys for Defendant
                                        Jamal Nathan Dawood